UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

GLEN CHRISTIAN,

        Plaintiff,

v.

        Case Number 06-13376-BC
        Honorable Thomas L. Ludington

WAL-MART STORES, INC., and
WAL-MART ASSOCIATES, INC.,

        Defendants.

_____/

## ORDER REJECTING PROPOSED SECOND STIPULATED ORDER AMENDING CASE MANAGEMENT ORDER

Presently before the Court is the parties' proposed second stipulated order to amend the scheduling order in this case. The Court previously extended case management and scheduling dates by ninety days at the request of the parties. In light of the previous extension of time, the Court can discern from the parties' submissions no good cause for additional relief from scheduling deadlines.

The scheduling order here was entered was entered pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, which requires the court to "enter a scheduling order that limits the time . . . to file motions[] and . . . to complete discovery." Fed. R. Civ. P. 16(b)(2), (3). Once entered, "[a] schedule shall not be modified except upon a showing of good cause and by leave of the district judge." Fed. R. Civ. P. 16(b); *see also Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003). Moreover, a court may change a schedule "only 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Ibid*. (quoting Fed. R. Civ. P. 16, 1983 advisory committee's notes). Stated another way, "the primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Financial Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (quoting *Bradford v. DANA Corp.*, 249 F.3d 807,

809 (8th Cir. 2001); *see also Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000) (joining the Eighth, Ninth, and Eleventh Circuits); *Leary*, 349 F.3d at 906.

Although the parties have asked the Court to relax deadlines by stipulation and represent that they have been diligent in settlement negotiations, they offer no explanation for amending the case management and scheduling order other than their collective desire to avoid the costs of discovery. To date, no depositions have occurred, although a modest amount of written discovery has been exchanged. The Court believes that the parties have not made a showing of "good cause" as required by the Federal Rules. The Court already has provided additional time and the case was not consentually resolved within that period, and the parties' hope that settlement negotiations ultimately will be fruitful is not a basis for delaying discovery depositions further. The Court therefore will reject the parties' proposed second stipulated order to amend the case management order.

Accordingly, it is **ORDERED** that the parties' proposed second stipulated order to amend the case management order is **REJECTED**. The dates set forth in the first stipulated order amending case management order shall remain in full force and effect.

s/Thomas L. Ludington<br>
THOMAS L. LUDINGTON<br>
United States District Judge

Dated: May 15, 2007

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 15, 2007.

s/Tracy A. Jacobs
TRACY A. JACOBS